UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DAWN PERLMUTTER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 13-1872 (ABJ) |
| TRINA AND JEFFREY VARONE, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Plaintiffs have moved under Federal Rule of Civil Procedure 59(e) for reconsideration of the Court's order dismissing their complaint for improper venue. Pls.' Mot. for Recons. [Dkt. # 35] ("Pls.' Mot."). The Court previously held that because all of the key events and injuries detailed in the complaint occurred in Maryland, venue was not proper in the District of Columbia. Mem. Op. at 2 [Dkt. # 34]. In their motion for reconsideration, plaintiffs argue that: (1) defendants' failure to move to dismiss the case on personal jurisdiction grounds "is fatal"; (2) the Court committed "clear error" when it found venue was improper in the District of Columbia; and (3) alternatively, the Court erred by dismissing the case instead of transferring it to the District of Maryland. Pls.' Mot. ¶¶ 1–3; Mem. of P. & A. in Supp. of Pls.' Mot. at 6–8 [Dkt. # 35] ("Pls.' Mem."). But because the Court's determination was not based on personal jurisdiction, and because plaintiffs otherwise seek merely to re-litigate issues that the Court has already ruled upon, the Court will deny plaintiffs' motion for reconsideration.

"Motions under Fed. R. Civ. P. 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001), citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057–58 (D.C. Cir. 1998). Specifically, "'[a] Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004), quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). "Rule 59(e) . . . 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008), quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995).

First, plaintiffs contend that "[i]t was a clear error of law" for the Court to grant defendants' motions to dismiss because "[d]efendants' failure to move to dismiss for lack of personal jurisdiction is fatal." Pls.' Mot. ¶ 1; Pls.' Mem. at 6. But the Court did not dismiss the complaint for lack of personal jurisdiction: the Court dismissed it for improper venue. Order Granting Defs.' Mots. to Dismiss at 1 [Dkt. # 33]; Mem. Op. at 11. So the question of whether or not defendants should have raised a personal jurisdiction defense does not provide grounds for reconsideration of the Court's ruling.

Second, plaintiffs argue that "[r]econsideration is necessary and appropriate here because it was clear error to grant" defendants' motions where defendants "conclusively claim[ed] 'venue is improper' without any verified facts . . . [and] the court must accept the facts alleged in the complaint as true." Pls.' Mot. ¶ 2; Pls.' Mem. at 7. The Court, however, did accept all of plaintiffs' factual allegations as true for purposes of the motions to dismiss – just not plaintiffs'

legal conclusion that the District of Columbia bears a "substantial connection" to their case. *See* Pls.' Mot. ¶ 5; Pls.' Mem. at 8. The vast majority of the allegations in the complaint concern events that occurred in Maryland, and the few claims related to the District of Columbia are too attenuated or "insubstantial" to create venue here. *See Lamont v. Haig*, 590 F.2d 1124, 1134 n.62 (D.C. Cir. 1978); 28 U.S.C. § 1391(b)(1)–(3) (2012). Under these circumstances, the Court could not conclude that a "substantial part of the events or omissions giving rise to" plaintiffs' claims occurred in the District of Columbia, and so venue was improper in this district. *See* 28 U.S.C. § 1391(b)(2).

Third, plaintiffs challenge the Court's decision to dismiss the case rather than transfer it to the District of Maryland. Pls.' Mot. ¶ 6; Pls.' Mem. at 8. But "[t]he decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Moreover, while "[t]he court must afford some deference to the plaintiff's choice of forum . . . this deference is mitigated where the plaintiff's choice of forum has 'no meaningful ties to the controversy and no particular interest in the parties or subject matter.'" *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 17 (D.D.C. 1996) (internal citation omitted), quoting *Chung v. Chrysler Corp.*, 903 F. Supp. 160, 165 (D.D.C. 1995). The Court found that the District of Columbia's interest in plaintiffs' claims was minimal, as they arose out of the probate of an estate in Maryland and Maryland judicial proceedings. The Court then exercised its discretion to dismiss the complaint in full consideration of all of the relevant factors, including the interest of justice.

Finally, plaintiffs do not contend that any new facts, evidence, or changes in the law have arisen since the Court dismissed their case. *See Niedermeier*, 153 F. Supp. 2d at 28. Rather,

they seek to "'relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co*, 554 U.S. at 485 n.5, quoting Wright & Miller, *supra*, § 2810.1. Thus, the Court will deny plaintiffs' motion for reconsideration of its July 22, 2014 ruling. A separate order will issue.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: August 6, 2014